limitation in the bankrupt statute, it has heretofore been adjourned to this court by the district court, and by this court held not to apply. Let the above be certified by the clerk to the district court.

[NOTE. Subsequently the administrators of Isaac C. Delaplaine petitioned to have the amount paid by him refunded to them. Case No. 9,879. At the public sale of this interest it was purchased by James M. Smith, Jr. A petition was filed to set aside this last sale. Petition dismissed. 6 Fed. 685.]

## Case No. 9,878a.

### In re MOTT et al.[1]

[N. Y. Times. April 27, 1861.]

District Court, S. D. New York. 1861.

BANKRUPTCY—MOTION DENIED—AGAIN MADE ON SAME FACTS—DILIGENCE OF ASSIGNEE—FRAUD OF CREDITOR.

[1. A motion in a bankruptcy proceeding which has been denied without prejudice to any other motion, suit, action, or proceeding in respect thereto cannot be repeated on the same facts, nor upon additional papers which do not touch the merits of the controversy.]

[2. An assignee in bankruptcy is not bound to institute a search in respect to any interest the bankrupt may have in the estate of any of his ancestors, if it is not maintained in the schedules, nor indicated to the assignee or any of the creditors.]

[3. A creditor, who discovers a bankrupt's interest in an estate, asserts that it is of no value, and induces the assignee to agree to transfer it to him for a nominal consideration, is not entitled to a decree for specific performance, the assignee having in the meantime learned that the interest was valuable.]

[Cited in Re Hyde, 6 Fed. 593.]

[This case was previously heard upon objections to petition of Jacob H. Mott to be decreed a bankrupt. Case No. 9,878b.]

This was an application to set aside a conveyance made by the general assignee in bankruptcy. Decrees of bankruptcy were rendered against both parties on January 27, 1843, and certificates of bankruptcy were granted to Jacob H. Mott on May 23, 1843, and to Jordan Mott on May 27, 1843. On February 28, 1860, the general assignee, to whom their estates had been assigned, filed a report in each case setting forth that application had been made to him to procure at private sale all the interest which the bankrupts had in the estate of their grandfather John Hopper, who died in August, 1819; that he had carefully examined the subject; and moved for an order authorizing him to sell that property. The order was entered, and the assignee sold the property at private sale to Isaac C. Delaplaine, for the sum of $800 for the property, and $200 to the assignee for his costs and expenses. Before the order authorizing the sale, Mr. Foot, as counsel of the Union Bank, of this city, applied to the assignee to sell the property to the bank for a nominal consideration and his costs; and he

[1] [See note at end of case.]

testifies that the assignee agreed to make such conveyance, and received $25 as his costs, and made the arrangement with Delaplaine in violation of that agreement. The bank thereupon filed a petition setting up these facts, and that they were creditors of both bankrupts, to a large amount, and prayed that the conveyance to Delaplaine should be rescinded, and that the assignee be compelled to fulfill his agreement with the bank. This motion on the petition and the opposing affidavits came on to be heard before Judge Hall on April 21, 1860, and he denied the motion, but "without prejudice to the rights of the parties, or to any other motion, suit, action, or proceeding in respect thereto." The motion is now reviewed on the same papers, together with a notice by the assignee of a dividend to be declared, published June 14, 1860, and a correspondence as to the terms on which Delaplaine would transfer his bargain.

HELD BY THE COURT: That the leave granted by Judge Hall gives no authority to repeat the motion on the same facts, and the additional papers do not touch the merits of the controversy, or tend to impeach the integrity or validity of the sale to Delaplaine or to strengthen the legal or equitable right set up by the petitioners in their original motion. That it is doubtful whether the petitioners are competent to prosecute any motion or proceedings in equity without having proved debts in their favor, under the bankrupt law [of 1841 (5 Stat. 440)], or whether they show any matter triable in this court under that law, which provides that no suit at law or in equity shall, in any case, be maintained by or against the assignee, unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of action shall have first accrued. That the interests of the bankrupts under the Hopper will was not maintained in their schedules, nor indicated to the assignee by any of their creditors. No duty was imposed upon him by law to institute a search, or even an inquiry, in respect to an object so occult. When the matter was first brought to his notice by the counsel for the petitioners, it was asserted that it was of no value, and its transfer was asked, therefore, on a nominal consideration. Instead of enforcing a specific performance, the court would have held it a high dereliction of duty on the part of the assignee if he had so transferred it, having learned that it was of value to the United States. That the proceedings out of which the sale arose were conducted according to law, although the sale was not conducted with so vigilant an inquiry into the salable value of the interest as the court was entitled to expect from the assignee. That the petitioners establish no right to the interference of the court to cause a transfer of the property to them; but it appearing that there is color in the case for a more authoritative decision upon points of law of a gen-

eral character, affecting the limitations of the bankrupt act and rights of parties under it, the case may, on motion, within ten days, be adjourned to the circuit court for adjudication upon such points, at the expense of the petitioners; otherwise the motion is denied, with costs.

[NOTE. The conveyance was set aside in the circuit court, and an order entered for resale at public auction. Case No. 9,878. Subsequently the administrators of Delaplaine petitioned to have the amount paid by him refunded to them. Id. 9,879. At the public sale of this interest, it was purchased by James M. Smith, Jr. A petition was filed to set aside this last sale. Petition dismissed. 6 Fed. 685.]

## Case No. 9,878b.

### In re MOTT.

[Betts, Scr. Bk. 83.]

District Court, S. D. New York. July, 1842.

BANKRUPTCY—RULES—DEBTS OF BANKRUPT—CONSIDERATION—ASSIGNMENT FOR THE BENEFIT OF CREDITORS.

[1. An order of court, accompanying the published rules and forms, providing that they shall govern proceedings in bankruptcy, requires that their substance shall be adhered to, rather than mere forms of expression.]

[2. A rule requiring petitions in bankruptcy to state the consideration or cause of indebtedness, as to the sums represented to be owing, is not violated by failure to state the consideration of a debt which has been converted into a judgment.]

[3. An allegation by a bankrupt that he had made an assignment for the benefit of his creditors some time before the date of his petition is not open to the objection that it fails to state what estate remains undisposed of, or that it fails to give the assignment itself, if accompanied by the sworn statement that the assigned property will not pay the debts it was conveyed to provide for.]

[In the matter of the petition of Jacob H. Mott to be decreed a bankrupt. Heard on objections to the petition.]

Before BETTS, District Judge.

Objections have been taken to the petition to be decreed bankrupt, because it is not in the form prescribed by the court, omitting the consideration or cause of indebtedness, as to various sums represented to be owing, and because it does not set forth the particulars of property assigned by the bankrupt in 1840 for the satisfaction of his then existing debts. The counsel for petitioner supposes the forms imposed by the court are not obligatory; and, if the court has such power to make them so, it has not exercised it in any notorious manner. The counsel is mistaken, as the published rules and forms are accompanied by an order of this and the circuit court that they shall govern proceedings in bankruptcy. The court, however, is not tenacious of words and phrases, but requires that the substance shall be preserved and adhered to, whatever deviations there may be from mere form of expression. The court

has decided that when a debt no longer rests upon the personal undertaking of a bankrupt, but is converted into a judgment, it is unnecessary to give any other consideration, a judgment imputing the highest one in the law. So much of the objections as apply to judgments are therefore overruled. There are, however, various other items defective in alleging only an indebtedness to individuals, without any distinct disclosure of the consideration or grounds of indebtedness. A further objection is that the bankrupt alleges that he made an assignment in 1840 of all his estate and effects for the payment of his debts, but has not designated what his estate is, its location, &c. The court, in numerous cases, has decided that it is incumbent on the bankrupt to apprise his creditors and assignee what estate remains undisposed of, in cases of trust conveyance, and that this must be done by giving the assignment itself. These were, however, in cases where there was a resulting trust to the debtor manifestly unextinguished. The present case differs from those in this: that the petition and schedule nowhere represent that there is any residuary interest, as reserved to the bankrupt, and it does not therefore fall within the terms of those previous. This objection, at least, is an exceedingly sharp one, for the bankrupt swears explicitly that the assigned property will not pay the debts it was conveyed to provide for. Had the creditors charged that this reason was studied and intentional, and that the bankrupt knew that there was a contingent interest to his own benefit accompanying the assignment, and established the allegation by proof, the question as to the effect of the statement in its present form would be very different, for the matters of merit would be directly connected with the defect of form. This shows that the objections are all strictissimi juris. They involve no higher consideration than whether the petitioner has honestly and fully conformed to the forms prescribed by the court, and are undoubtedly well taken to the establishing a direction of that character. It is better that all parties should feel the necessity of adhering to an uniform course of practice, and that no deficiency or uncertainty of information to creditors should be encouraged in the framing of bankrupt papers, and therefore the court places this in the category of those where the party has made default in complying with the rules, and holds that the bankrupt cannot proceed on these papers without perfecting them by a proper amendment. This order, however, is not to carry any costs against the bankrupt.

[NOTE. Subsequently this case was heard upon an application to set aside the sale by the assignee to Isaac C. Delaplaine of the interest of the bankrupts in the estate of their grandfather John Hopper. The court allowed the petitioners to move the case into the circuit court. Case No. 9,878a. The conveyance was set aside in the circuit court. Id. 9,878. At a later date the administrator of Delaplaine petitioned